UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEEPA RAJIV, MD, et al.,<br><br>　　　　Defendants. | Civ. No. 18-3200 (KM) (SCM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.**

## I.　　INTRODUCTION

Plaintiff, William Johnson, is a state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, Mr. Johnson's federal claims will be dismissed without prejudice as they are time-barred. This Court declines to exercise supplemental jurisdiction over Mr. Johnson's state law claims. Furthermore, Mr. Johnson's motion for the appointment of counsel will be denied without prejudice.

## II.　　BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Mr. Johnson names a plethora of defendants in this action; they are: (1) Deepa Rajiv, MD; (2) Steven D. Wheeler; (3) Linda Coleman; (4) Evelyne Tricarico; (5) Carolina Mangura;

(6) Michelle Borowski; (7) Susan Cicala; (8) Theresa Jocen Hernandez; (9) Jimmy Dorcely; (10) Julie Gawendus; (11) Linda Marci; (12) Sheila Osei; (13) Elyse Regis; (14) Gary Lanigan; and (15) University Correctional Health Care.

Mr. Johnson's brings this action claiming that defendants furnished inadequate medical care and treatment, and failed to properly monitor his medical care and treatment. The complaint alleges that Johnson went to the prison hospital at Northern State Prison on November 22, 2015 because he was dehydrated and had abnormally low blood pressure. He was admitted to the prison hospital and placed on an I.V. By November 25, 2015, Mr. Johnson's dehydration had subsided and his blood pressure was back to normal. He alleges, however, that the I.V. remained in his arm.

Mr. Johnson states that his arm began to swell up and turn black and blue. He started to also feel sick and light headed, and he faded in and out of consciousness.

On December 1, 2015, with the I.V. still in his arm, an infection developed. On December 4, 2015, blood was taken from Mr. Johnson to determine if the infection was in his blood and organs. On December 8, 2015, Mr. Johnson was given an antibiotic I.V. to fight the infection. However, Mr. Johnson was not informed that the infection had spread to his blood and organs.

On December 13, 2015, Mr. Johnson was taken to St. Francis Medical Center where more blood was taken. On December 15, 2015, Mr. Johnson was checked for colon cancer and given a blood transfusion. He was treated with antibiotics for the infection on this date as well.

On December 20, 2015, Mr. Johnson returned to Northern State Prison. He was put on a strong dose of antibiotics. On January 11, 2016, more blood was taken from Mr. Johnson. He asserts that this was because the medical department had overdosed him on antibiotics.

According to Mr. Johnson, the medical department was worried about the antibiotics' side effects which could cause kidney, lung or other organ failure.

On January 14, 2016, Mr. Johnson was taken back to St. Francis Medical Center. While there, Mr. Johnson was informed that the infection had spread to his organs, including his heart and kidneys.

On January 18, 2016, a doctor came to visit Mr. Johnson and told him that his blood work had come back normal with no traces of the infection. On January 27, 2016, more blood was taken from Mr. Johnson to test for the infection. On February 3, 2016, Mr. Johnson was released from the prison infirmary.

Mr. Johnson asserts federal and state law claims in this action. His claims arise from the infection purportedly caused by the I.V. spread throughout his body. He seeks monetary damages.

Mr. Johnson dated his federal complaint on January 28, 2018. However, he also included a cover letter with his complaint which is dated March 1, 2018. (*See* ECF 1-1 at p.1) Accordingly, this Court finds, pursuant to the prisoner mailbox rule, that the earliest plaintiff could have delivered his complaint and cover letter to prison officials for mailing is March 1, 2018, the date Mr. Johnson dated his cover letter included with his complaint. Accordingly, this Court will deem the federal complaint filed as of March 1, 2018.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)).

The date when a cause of action under § 1983 accrues, however, is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury

5

upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

Mr. Johnson's § 1983 claims are barred by the two-year statute of limitations. Mr. Johnson's complaint arises from the medical care he received (or lack thereof) that resulted in an infection that spread through his body. That allegedly negligent care occurred in December, 2015. Additionally, Mr. Johnson admits in his complaint that he was told on January 14, 2016 that the infection had spread throughout his body. By that date, at the latest, the cause of action accrued under the principles cited above. Accordingly, it follows that Mr. Johnson's complaint filed more than two years after that date on March 1, 2018, is untimely.[1]

"'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth certain bases for statutory tolling. *See, e.g.*, N.J. Stat. Ann. § 2A:14-21; N.J. Stat. Ann. §2A:14-22 (detailing tolling because of non-residency of persons liable). The complaint as pled does not allege any basis for statutory tolling.

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong

---

[1] Even if the complaint had been filed on the day it was dated, January 28, 2018, his federal claims would still be untimely. That date is still more than two years after December, 2015, and more than two years after January 14, 2016, the day he discovered that the infection had spread throughout his body.

6

forum." *Cason v. Arie Street Police Dep't*, No. 10-497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (Sup. Ct. App. Div. 2002)). The complaint contains no allegations that would support equitable tolling of the statute of limitations.

Accordingly, it is apparent from the complaint that Mr. Johnson's § 1983 claims are barred by the statutory of limitations and must be dismissed. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where the defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) ("A district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run.").

Mr. Johnson also raises state law claims in his complaint. As the federal claims have been dismissed, the remaining potential basis for this Court's jurisdiction over Mr. Johnson's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Because Mr. Johnson's federal claims have been dismissed at the earliest possible stage, I will exercise my discretion to decline supplemental jurisdiction over the state law claims.

## V. MOTION TO APPOINT PRO BONO COUNSEL

Mr. Johnson has also filed a motion to appoint pro bono counsel. (*See* ECF 2) Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson,* 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States,* 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham,* 126 F.3d at 457.

Mr. Johnson's motion for the appointment of counsel will be denied without prejudice. Mr. Johnson's federal claims are barred by statute of limitations and this Court has declined to exercise supplemental jurisdiction over this state law claims. Therefore, dismissing Mr. Johnson's motion for the appointment of counsel is warranted at this time.

## VI. CONCLUSION

For the foregoing reasons, Mr. Johnson's federal claims will be dismissed without prejudice for failure to state a claim as they are time-barred. This Court declines to exercise supplemental jurisdiction over Mr. Johnson's state law claims. The dismissal of Mr. Johnson's federal claims will be without prejudice to the filing of a proposed amended complaint (should

Mr. Johnson elect to do so) within thirty days. In such a proposed amended complaint, Mr. Johnson may assert facts that he believes may demonstrate a basis for tolling the applicable statute of limitations to his federal claims. An appropriate order will be entered.

DATED: October 3, 2018

KEVIN MCNULTY
United States District Judge